**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Otoniel Guzman v. The State of Texas

Appellate case number:     01-18-00442-CR

Trial court case number:   1540453R

Trial court:                432nd District Court of Tarrant County[1]

On April 30, 2018, appellant, Otoniel Guzman, filed a pro se notice of appeal from the April 30, 2018 judgment of conviction following a jury trial of the first-degree felony offense of continuous sexual abuse of a child under fourteen years of age for which the jury assessed appellant's punishment at thirty years' confinement. The trial court certified that this was not a plea-bargain case, and that appellant had the right to appeal, and it appointed Leigh Davis as counsel for appellant. *See* TEX. R. APP. P. 25.2(a)(2). On October 1, 2018, this Court had granted appellant's appointed counsel's first motion for an extension of time to file appellant's brief until November 27, 2018, with no further extensions to be granted absent extraordinary circumstances.

This Court's November 1, 2018 Order had granted the motion for substitution of counsel by Danny D. Burns and George Mackey. Because appellant did not timely file a brief, the Clerk of this Court sent a late-brief notice on December 5, 2018, notifying appellant's retained counsel, Danny D. Burns and George Mackey, that this case would be abated for a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), if either the brief or an extension motion were not filed within 10 days of that notice. Nevertheless, counsel has neither timely filed a brief nor an extension request on appellant's behalf.

The Court therefore sua sponte **abates** this appeal and **remands** for the trial court to immediately conduct a hearing at which a representative of the Tarrant County District

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013); Misc. Docket No. 18-9049 (Tex. Mar. 27, 2018).

Attorney's Office and appellant's counsel, Danny D. Burns and George Mackey, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1)  make a finding on whether appellant wishes to prosecute this appeal;

(2)  if appellant does wish to prosecute this appeal, determine whether counsel Danny D. Burns and George Mackey have abandoned this appeal;

(3)  if counsel Danny D. Burns and George Mackey have not abandoned this appeal:

    a.  inquire of counsel the reasons, if any, that they have failed to file a brief on appellant's behalf; and

    b.  set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4)  if Danny D. Burns and George Mackey have abandoned this appeal, enter a written order relieving Danny D. Burns and George Mackey of their duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:

    a.  if appellant is indigent, appoint substitute appellate counsel at no expense to appellant;

    b.  if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:

        i.  determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's briefs are due, regardless of whether this Court has yet reinstated these appeals and no later than 30 days from the date of the hearing; or,

        ii.  if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire a new appellate attorney;

(5)  make any other findings and recommendations the trial court deems appropriate; and

(6)  enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

---

[2]  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West 2005); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The coordinator of the trial court shall set a hearing date no later than 30 days from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 15 days of the date of the hearing**. The court reporter is directed to file the reporter's record of the hearing **within 15 days of the date of the hearing**. If the hearing is conducted by video teleconference and electronically recorded, a certified video recording of the hearing shall also be filed in this Court within 15 days of the date of this hearing.

If Danny D. Burns and George Mackey file an extension motion and brief on appellant's behalf in this Court and a copy of such brief in the trial court, which brief complies with Texas Rule of Appellate Procedure 38.1, **no later than 10 days from the date of this Order**, together with a motion requesting that the Court withdraw this Order of Abatement, this Court may reconsider and withdraw this Order and reinstate the appeal.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record, if any, that comply with this Order, are filed in this Court.

It is so **ORDERED**.

Judge's signature: ____/s/ Evelyn V. Keyes_____
                              ☒ Acting individually     ☐ Acting for the Court
Date: __January 17, 2019_____